UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
SEIU LOCAL 32BJ CONNECTICUT DISTRICT PENSION
FUND, BUILDING SERVICE 32BJ THOMAS SHORTMAN
TRAINING, SCHOLARSHIP AND SAFETY FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES FUND,

                                                   Civ. Act.: 21-cv-5945

                           Plaintiffs,

        -against-

                                      COMPLAINT

EMPIRE FACILITY SOLUTIONS LLC

                         Defendant.
------------------------------------------------------------------------------X

    Building Service 32BJ Health Fund, SEIU Local 32BJ Connecticut District Pension Fund, Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund, and Building Service 32BJ Legal Services Fund (the "Funds"), as and for their Complaint against Empire Facility Solutions LLC ("Defendant") respectfully allege as follows:

### NATURE OF ACTION

    1.      This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee health fund, pension fund, training fund, and legal fund, for contractual and other equitable relief under ERISA to make employee benefit contributions to the respective Funds, to remit required employee information in to the Funds' electronic Employer Self-Service System ("ESS"), and to promptly comply with a payroll compliance audit and make payment of any audit findings. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and upload the required information when due as per the Funds' rules and

regulations, Defendant violated its collective bargaining agreement (the "Agreement"), the Funds'

Declaration of Trust, and ERISA. Defendant is further in violation of ERISA, the Agreement,

Funds' Declaration of Trust and the Funds' rules and regulations for failing to cooperate with a

payroll compliance audit initiated to confirm the accuracy of Defendant's self-reported employee

information.

## JURISDICTION

2.      Jurisdiction of this Court is invoked under the following statutes:

> (a)     Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);
>
> (b)     Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);
>
> (c)     28 U.S.C. Section 1331 (federal question); and
>
> (d)     28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3.       Venue properly lies in this district under Section 502(e)(2) of ERISA (29

U.S.C. § 1132 (e)(2)).  Service of process may be made on Defendant in any other district in

which it may be found, pursuant to Section 502(e)(2) of E.R.I.S.A. (29 U.S.C. § 1132(e)(2)).

## PARTIES

4.      The Funds are jointly-administered, multi-employer, labor-management trust

funds established and maintained pursuant to various collective bargaining agreements in

accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)).  The Funds are

employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of E.R.I.S.A. (29

U.S.C. § 1002(2),(3), and 1132(d)(1)), and  multi-employer plans within the meaning of Sections

3(37) and 515 of E.RI.S.A. (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to

maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is, *inter alia*, to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health, pension, training, and legal benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

5.      The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of E.R.I.S.A. (29 U.S.C. § 1002(4)).  The Union maintains its offices and is administered at 25 West 18th Street, New York, New York 10011, in the City, County, and State of New York.

6.      Upon information and belief, at all times material hereto Empire Facility Solutions LLC was and continues to be a New York for profit corporation having a principal place of business at 649 Myrtle Ave, #568, Brooklyn, NY 11205, and doing business as an employer within the meaning of Sections 3(5) and 515 of E.R.I.S.A. (29 U.S.C. §§ 1002(5) and 1145), and was and is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185).

7.      Upon information and belief, at all times relevant  Defendant was party to a series of collective bargaining agreements (the "Agreement") with the Union. As part of the Agreements, Defendant agreed to make benefit contributions to the Funds on behalf of employees covered by the Agreement, and to follow the Funds' respective Declarations of Trust and collections policies. The Agreement, Funds' Declarations of Trust and Funds' Collections Policy

3

require that employers also upload employee information into ESS, and then make the payments associated with this employee information. Employer self-reporting is the only way that the Funds are able to determine what contributions are owed, and for whom. To confirm the accuracy of this self-reporting, Defendant is also required by the aforementioned documents to cooperate in payroll compliance audits.

**AS AND FOR A FIRST CLAIM FOR RELIEF**
**(FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)**

8.      The Funds repeat and reallege each allegation set forth in paragraphs 1 through 7 as if fully set forth herein.

9.      Pursuant to the Agreement, there became due and owing to the Funds from Defendant, benefit contributions from October 1, 2017 through the date of this filing.

10.     For the period October 1, 2017 through the date of this filing, Defendant failed to pay the Funds no less than $56,660.50 in required contributions, in violation of the Agreement. This amount is calculated based on Employer reporting in ESS through from October 1, 2017 through the date of this filing ("ESS Reporting"). However, the ESS Reporting amounts are based on information self-reported by date into ESS by employer. Due to Defendant's failure to upload all employee information, the Funds are unable to determine the exact amount owed to the Funds.

11.     The failure, refusal or neglect of Defendant to make the required contributions to Plaintiffs Funds constitutes a violation of the Agreements between Defendant and the Union with respect to the Funds as third-party beneficiaries.

12.     Further, for many contributions that were ultimately paid by Defendant, these payments were made late, and Defendant is liable to the Funds for interest payments as per the Agreement, the Funds' Declaration of Trust, and the Funds' collection policies.

13.     Accordingly, Defendant is liable to the Funds for benefit contributions in the amounts due for the periods set forth above, plus such further amounts as may become due from the present date to the date judgment is issued and that remain unpaid by Defendant, liquidated damages, plus interest, the Funds' attorney's fees, audit costs, and court costs incurred in collecting the delinquent contributions.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

14.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 13 of this Complaint, as if fully set forth herein.

15.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

16.     Upon information and belief, at all times material hereto, Defendant failed to pay or timely pay and/or remit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or remit reports constitutes a violation of Section 515 of ERISA (29 U.S.C. § 1145).

17.     Section 502 of ERISA (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. § 1145), the Court shall award to Plaintiff the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plans or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and distributions incurred in the action.

18.     Pursuant to the Agreement, there became due and owing to the Fund from Defendant benefit contributions from October 1, 2017 through the date of this filing.

5

19.     For the period October 1, 2017 through the date of this filing,  Defendant failed to pay the Funds no less than $56,660.50 in required contributions, in violation of the Agreement. This amount is calculated based on ESS Reporting for the time period October 1, 2017 to present. However, the ESS Reporting amounts are based on information self-reported by date into ESS by employer. Due to Defendant's failure to upload all employee hours, the Funds are unable to determine the exact amount owed to the Funds.

20.     Further, for additional benefit contributions based on employer self-reporting to the Funds, several benefit contributions were untimely made, thereby rendering Defendant liable for interest on the late principal as per the Agreements.

21.     Accordingly, Defendant is liable to the Funds for the payment and/or submission of the required monetary contributions to the Funds as aforesaid, and is liable for the additional amount of said statutory damages, liquidated damages, together with reasonable attorneys' fees, interest on the unpaid principal, audit costs, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

## AS AND FOR A THIRD CLAIM FOR INJUNCTIVE RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

22.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 21 of this Complaint, as if fully set forth herein.

23.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements.

24.      The Agreements, Funds' Declarations of Trust, and Funds' Collections Policies mandate that Defendant report the hours worked of each covered employee into the Funds' Electronic Self-Service System ("ESS"). This is the sole method for the Funds to determine what

6

contributions are owed, and for whom.

25.     In violation of the Agreements, Declarations, and Collections Policies, Defendant has failed to upload the hours for covered employees, for the time period January 1, 2018, through the present,  rendering the Funds unable to provide  benefits for Defendants' covered employees, or collect employee benefit contributions based on these reports.

26.     Upon information and belief,  Defendant has failed to upload its employees' hours because it wishes to shirk its obligations under the Agreements and avoid liability for the unpaid employee benefit contributions that will become evident once these reports are submitted.

## AS AND FOR A FOURTH CLAIM FOR RELIEF
## (FUND'S CLAIM FOR BREACH OF CONTRACT UNDER SECTION 301)

27.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 26 of this Complaint as if set forth fully therein.

28.     Defendant is obligated, pursuant to the terms of the Agreement, Funds' Declaration of Trust and Funds' Collection Policy, to permit and cooperate in the conducting of audits of the books and records of Defendant by the Funds. If employers do not cooperate, the Funds are entitled to, *inter alia*, audit fees should litigation prove necessary to compel compliance.

29.     The Funds' Auditing Firm commenced an audit for the time period of October 1, 2017 through the present. As part of this audit, the Auditing Firm demanded production of Defendant's complete individual earnings records, weekly payroll journals, timesheets, W-2s, state and federal quarterly payroll taxes, 940/941 federal returns, and general ledger/cash disbursements journal. These exact records are routinely sought of all employers audited.

30.     At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records.

31.     The failure, refusal or neglect of Defendant to comply with the aforementioned audit constitutes a violation of the Agreement between Defendant and the Union, the Funds' Declarations of Trust and Funds' Collections Policies.

32.     Accordingly, pursuant to the terms and conditions of the Agreement, Trust Agreements and collections policies, the Funds demand an Order directing Defendant to permit and cooperate with the Funds and/or its designated representatives in the conduct of the aforesaid audit of Defendant's books and records, and to make payment of the associated audit findings principal, interest, liquidated damages, attorney's fees, audit costs and costs of suit.

## AS AND FOR A FIFTH CLAIM FOR RELIEF
### (FUND'S CLAIM FOR BREACH OF ERISA)

33.     The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 32 of this Complaint as if set forth fully therein.

34.     Section 515 of ERISA (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of the Agreements. The Agreements, Declarations of Trust and Funds' Collections Policies require Defendant to comply with payroll compliance audits.

35.     The Funds' Auditing Firm commenced an audit for the time period of January 1, 2017 through the present.

36.     At all times material herein, Defendant has failed and refused to cooperate with the audit of its books and records for the time period October 1, 2017 to present.

37.     Section 502 of ERISA (29 U.S.C. §1132) provides that, upon a finding of an employer violation of 29 U.S.C. § 1145, the Court shall award to Plaintiffs, *inter alia*, relief that includes an Order requiring that Defendant comply with a payroll compliance audits and make

payment of the associated audit findings principal, interest and liquidated damages, together with reasonable attorneys' fees, audit cost, and costs and distributions incurred in the action.

WHEREFORE, plaintiff Fund demands judgment:

a.   against Defendant for no less than $56,660.50, representing unpaid contributions for the time period October 1, 2017 to present based on ESS Reporting, plus interest and damages.

b.   against Defendant for payment of all contributions which become due during the pendency of this action in accordance with ERISA §502(g)(2) and the Agreement,

c.   for an Order compelling Defendant to upload its missing employee hours into the Fund's electronic system, and to pay the associated contributions owed, plus interest, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

d.      for an Order requiring Defendant to permit and cooperate in the conduct of an audit by the Funds' auditor of the books and records of the Defendant, for the period October 1, 2017 through the present, and to pay the associated contributions owed, plus interest, audit fees, statutory damages, liquidated damages, reasonable attorneys' fees and costs of suit in accordance with E.R.I.S.A. § 502(g)(2) and the Agreement.

e.   for such other and further relief as the Court deems just and proper.

Dated:   Fort Lee, New Jersey
July 12, 2021

RAAB, STURM & GANCHROW, LLP

By:   _____
Samuel R. Bloom (SB1988)
Attorneys for Plaintiffs Funds
2125 Center Avenue
Suite 100
Fort Lee, New Jersey
(Tel) 201-292-0150

(Fax) 201-292-0152